UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
SYDNEY WISDOM,                                         :
                Plaintiff,                      :
v.                                                     :
                                                      :
THOMAS GRIFFIN, SUPERINTENDENT OF                      :     **OPINION AND ORDER**
GREEN HAVEN CORRECTIONAL FACILITY;                     :
M. LOIODICE, INMATE RECORDS                            :     17 CV 4837 (VB)
COORDINATOR; ADA ANN BORDLEY; H.                       :
KNAPP, CORRESPONDENCE                                  :
DEPARTMENT; and JOHN DOE, F.O.I.L.                     :
OFFICER,                                               :
                Defendants.                     :
--------------------------------------------------------------x

Briccetti, J.:

      Plaintiff Sydney Wisdom, proceeding pro se and in forma pauperis, brings this action under 42 U.S.C. § 1983 against defendants Thomas Griffin, superintendent of Green Haven Correctional Facility ("GHCF"); M. Loiodice, GHCF inmate records coordinator; Kings County Assistant District Attorney ("ADA") Ann Bordley; H. Knapp, who works in the correspondence department at GHCF; and John Doe, GHCF Freedom of Information Law ("FOIL") officer, alleging defendants violated his constitutional rights under the First and Fourteenth Amendments by interfering with his legal mail and denying him access to the courts.

      Now pending are defendants' motions to dismiss the amended complaint pursuant to Rule 12(b)(6). (Docs. ##29, 32).

      For the reasons set forth below, defendant Bordley's motion is GRANTED, and defendants Griffin, Loiodice, Knapp, and Doe's motion is GRANTED IN PART and DENIED IN PART.

      The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

1

**BACKGROUND**

For purposes of ruling on the motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the amended complaint and draws all reasonable inferences in plaintiff's favor, as summarized below.

Plaintiff was an inmate at GHCF at all relevant times. He alleges from August through December 2015, and February through March 2016, "[e]ach [d]efendant played a . . . role in preventing plaintiff from receiving his legal documents [by] concealing them from [him] (for well over a month)" and by opening and reading his confidential mail outside his presence. (Doc. #9 ("Am. Compl.") at 4).[1] Plaintiff also claims defendants interfered with his mail in retaliation for plaintiff having filed a habeas corpus petition naming Griffin as the respondent.

Because the amended complaint includes only a general timeframe for some allegations and no timeframe for others, the Court summarizes plaintiff's allegations against each defendant in turn.

I. Knapp

Plaintiff claims Knapp ignored prison protocol governing the handling of legal mail and "intercepted and withheld" legal documents from plaintiff at an unspecified time. (Am. Compl. at 4). Further, plaintiff alleges either Knapp or Loiodice forged plaintiff's signature on a receipt for a legal document and falsified multiple dates. In an exhibit to the amended complaint, plaintiff asserts the alleged problems with his mail "start[ed] in the correspondence room where H. Knapp work[ed]." (Id. at 35). Plaintiff also asserts Knapp's conduct caused plaintiff to miss a habeas corpus filing deadline, although plaintiff does not explain how.

---

[1] "Am. Compl. at ___" refers to page numbers automatically assigned by the Court's Electronic Case Filing system.

II.    Loiodice and Doe

Plaintiff alleges Loiodice "intercept[ed] private legal mail sent to [plaintiff] from [his] private attorney," withholding it from August to December 2015.  (Am. Compl. at 9).  Plaintiff claims the mail in question was sent to him on August 10, 2015, but Loiodice allegedly crossed out the word "August" with a marker and replaced it with "December" before its delivery. Moreover, Loiodice purportedly intercepted and "kept . . . for over one month" a letter to plaintiff from ADA Bordley, dated February 22, 2016, that attached a state court record from a proceeding in which plaintiff was involved.  (Id. at 43).  Plaintiff also alleges Loiodice opened plaintiff's legal mail outside his presence and withheld another piece of plaintiff's correspondence for four days at an unspecified time.  In addition, Loiodice allegedly acted with Knapp to "categorically ignore[]" prison protocol for the processing of plaintiff's mail.  (Id. at 4). According to plaintiff, Loidice's actions caused plaintiff to miss a filing deadline in his habeas corpus proceeding.  Without providing specific times, plaintiff also claims Loiodice conspired with an unknown FOIL officer named herein as John Doe to forge plaintiff's signature "on three different occasion[s]," in one instance misspelling plaintiff's name, and acted with Superintendent Griffin to doctor a mail log by forging plaintiff's handwriting and signature.  (Id. at 13).

III.    Bordley

Plaintiff alleges ADA Bordley illegally mailed to Griffin privileged correspondence between Bordley and plaintiff dated March 14, 2014.  In so doing, Bordley allegedly "violated plaintiff['s] civil, and privacy rights without [regard] for her 'oath' of office [and] her 'ethics' duty by intentionally, willfully ignoring, [and] breaking the law she has sworn to protect."  (Am. Compl. at 25).

IV.     Griffin

Plaintiff alleges Superintendent Griffin "fail[ed] to intervene, stop, and/or mitigate the harm(s)" allegedly inflicted on plaintiff by other GHCF staff.[2]  (Am. Compl. at 5).  Griffin also allegedly did not investigate or attempt to remedy his subordinates' alleged misconduct "despite . . . having been placed on actual notice" by unspecified "earlier reports, complaints, grievances, appeals, and other sources of information" of unconstitutional practices concerning prisoners' mail at GHCF.  (Id.).

In addition, plaintiff claims Griffin himself repeatedly withheld plaintiff's mail or caused it to be withheld, keeping "one set for four days" and "another . . . for one month and one day" (Am. Compl. at 9), allegedly causing plaintiff to miss an unspecified filing deadline in his habeas corpus proceeding.  Plaintiff alleges Griffin illegally received and opened plaintiff's "private privileged mail without . . . consent."  (Id. at 14).  Plaintiff also claims Griffin "conspired with one (or more) of the other named defendant(s)" to forge plaintiff's signature "in a gross attempt to show . . . plaintiff received his documents, when, in fact he did not."  (Id. at 4).  Plaintiff accuses Griffin of acting in retaliation for plaintiff having filed his habeas corpus petition naming Griffin as respondent.

V.      Relevant Procedural History

After plaintiff filed his original complaint, Chief Judge McMahon issued an Order to Amend directing plaintiff to file an amended complaint alleging "facts suggesting that individuals named as defendants unjustifiabl[y] interfered with his mail, thereby hindering his legal claims."  (Doc. #6 at 4).  The Order instructed plaintiff that he must "detail each

---

[2]     Although plaintiff's claim for failure to supervise is asserted against each defendant, it appears only Griffin worked in a supervisory role at GHCF.  (See Am. Compl. at 4 (naming Griffin as the person responsible for failing to supervise handling of plaintiff's mail)).

4

defendant's action and state how it led to the denial of his federal habeas corpus petition." (Id.). In addition, the Order to Amend dismissed for lack of subject-matter jurisdiction plaintiff's New York State Freedom of Information Law claim against John Doe. (Id. at 4–5).

## DISCUSSION

I. Standard of Review

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the U.S. Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and thus are not sufficient to withstand a motion to dismiss. Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the complaint's allegations must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

The Court must liberally construe a pro se litigant's submissions and interpret them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation and citation omitted). Applying the

5

pleading rules permissively is particularly appropriate when, as here, a pro se plaintiff alleges a civil rights violation. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). "Even in a pro se case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation and citation omitted). Nor may the Court "invent factual allegations" a plaintiff has not pleaded. Id.

II. Bordley

ADA Bordley argues plaintiff's claims against her must be dismissed on grounds of absolute prosecutorial immunity.

The Court agrees.

"Absolute immunity bars a civil suit against a prosecutor for advocatory conduct that is intimately associated with the judicial phase of the criminal process." Morales v. Weiss, 709 F. App'x 95, 96 (2d Cir. 2018) (summary order).[3] "Prosecutorial immunity from § 1983 liability is broadly defined, covering 'virtually all acts, regardless of motivation, associated with [the prosecutor's] function as an advocate.'" Giraldo v. Kessler, 694 F.3d 161, 165 (2d Cir. 2012) (quoting Hill v. City of New York, 45 F.3d 653, 661 (2d Cir. 1995)) (alteration in original).

Plaintiff's lone allegation against Bordley—that she mailed Griffin a letter directed to plaintiff, to which plaintiff's state court record allegedly was attached—implicates conduct intimately associated with Bordley's prosecutorial function. The letter in question is attached to the amended complaint as an exhibit. (Am. Compl. at 26). It concerns a criminal action identified as "People v. Sidney Wisdom[,] Indictment No. 2374/96" and asks the recipient to

---

[3]   Plaintiff will be provided copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

serve an enclosed affidavit on plaintiff and then to fill out and return an enclosed affidavit of service. (Id.). The letter plainly arises from Bordley's prosecutorial function as the state's advocate in plaintiff's post-conviction collateral proceedings. Accordingly, absolute immunity shields Bordley from plaintiff's claims. See Warney v. Monroe Cty., 587 F.3d 113, 122–23 (2d Cir. 2009).

III.  Doe

The amended complaint's sole allegation concerning Doe, set forth in one sentence, states Doe was with Loiodice when one or both of them forged plaintiff's signature and handwriting. A plaintiff in a Section 1983 action "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. at 676. Absent any specific allegation concerning Doe's conduct or personal involvement in an alleged constitutional violation—such as what specifically Doe did, and when and where he did it—this undeveloped assertion plainly fails to state a legal claim. Accordingly, any claims against Doe are dismissed.

IV.  Griffin, Knapp, and Loiodice

The remaining defendants, Griffin, Knapp, and Loiodice, argue the amended complaint fails to state a First or Fourteenth Amendment claim.

As to all but plaintiff's First Amendment claim against Loiodice, the Court agrees.

Liberally construed, the amended complaint presents four First or Fourteenth Amendment claims: denial of access to the courts, interference with mail, a retaliation claim, and a supervisory claim against Griffin. The Court addresses those claims in sequence.

7

A. Access to the Courts

To state a constitutional claim for denial of access to the courts, plaintiff must plausibly allege a defendant, acting deliberately or with malice, "took or was responsible for actions that hindered . . . plaintiff's efforts to pursue a legal claim," causing plaintiff to suffer "actual injury." Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003) (internal quotation and citations omitted).

The amended complaint fails adequately to plead plaintiff suffered an "actual injury." For example, plaintiff does not allege he was prevented from bringing his habeas corpus petition—which plaintiff in fact successfully filed, and which remains pending, see Wisdom v. Griffin, No. 15-cv-6578 (ENV) (E.D.N.Y.)[4]—or that any existing legal claim would have succeeded but irreparably was harmed by a defendant's alleged conduct. Because plaintiff does not allege a defendant's act caused plaintiff actual injury, plaintiff's denial of access to the courts claim is dismissed.

B. Interference with Mail

To state a First Amendment claim based on interference with the free flow of mail, plaintiff must adequately plead that defendants "regularly and unjustifiably interfered with the incoming legal mail." Davis v. Goord, 320 F.3d at 351. Prison officials may censor an inmate's mail only in furtherance of, and only to the extent "necessary or essential" to protect, the government's interest in security, order, or rehabilitation. Washington v. James, 782 F.2d 1134, 1139 (2d Cir. 1986) (internal quotation marks and citations omitted). While one isolated instance of mail tampering does not amount to a constitutional violation, "as few as two [such]

---

[4] The Court takes judicial notice of plaintiff's habeas corpus petition as a public record. See, e.g., Staehr v. Hartford Fin. Servs. Grp., Inc., 547 F.3d 406, 425 (2d Cir. 2008) (collecting cases). Matters subject to judicial notice properly are considered on a Rule 12(b)(6) motion. See id.

incidents . . . could constitute an actionable violation," provided the incidents (i) "suggested an ongoing practice" of unwarranted censorship, or (ii) "unjustifiably chilled the prisoner's right of access to the courts or impaired the legal representation received." Davis v. Goord, 320 F.3d at 351 (citing Washington v. James, 782 F.2d 1134, 1139 (2d Cir. 1986)). That said, "district courts have generally required specific allegations of invidious intent or of actual harm where the incidents of tampering are few and thus the implication of an actionable violation is not obvious on its face." Id.

As for Griffin, plaintiff does not plausibly allege he tampered with plaintiff's mail with "invidious intent" or caused plaintiff to suffer "actual harm." David v. Goord, 320 F.3d at 351. Aside from noting Griffin is the respondent in plaintiff's habeas corpus petition, the amended complaint contains no factual allegations respecting Griffin's intent in allegedly tampering with plaintiff's mail. And Griffin's alleged tampering plainly has not caused plaintiff to suffer actual injury by either impeding plaintiff's access to the courts or impairing plaintiff's legal representation—to the contrary, plaintiff's habeas corpus petition was successfully filed pro se and is currently awaiting decision. Thus, plaintiff's mail tampering claim against Griffin is dismissed.

As for Knapp, plaintiff's only allegations against him are that (i) he intercepted and held unspecified legal documents at an unspecified time; (ii) either Knapp or Loiodice forged plaintiff's signature and falsified unspecified dates; and (iii) Knapp worked in GHCF's "correspondence room," where the "problems" described in the amended complaint allegedly "start[ed]." (Am. Compl. at 35). Even liberally construed, these general allegations lack any supporting facts: the amended complaint neither identifies any specific action taken by Knapp nor explains when, why, or how such an action caused plaintiff to suffer any injury. Plaintiff's

9

mail tampering allegations against Knapp therefore are conclusory and fail as a matter of law to state a viable claim.

Lastly, plaintiff accuses Loiodice of altering the date on a letter from plaintiff's attorney in 2015, withholding that letter from plaintiff for several months, and forging plaintiff's signature and certain other information on three mail receipts dated February or March 2016. (See Am. Compl. at 21–23). The Court finds these allegations sufficient to state a mail tampering claim against Loiodice. Drawing all inferences in plaintiff's favor, Loiodice's alleged acts plausibly were committed with invidious intent: altering the date on a prisoner's legal correspondence, withholding that correspondence for several months, and forging a prisoner's signature and other information on multiple mail receipts are volitional acts plausibly intended to impede plaintiff's access to his incoming mail. Plaintiff having alleged Loiodice tampered with and falsified documents concerning plaintiff's mail several times over several months, the Court finds that plaintiff's allegations plausibly suggest an ongoing practice of unwarranted censorship of his mail. Cf. Smith v. City of New York, 2015 WL 1433321, at *5 (S.D.N.Y. Mar. 30, 2015) (citations omitted). At this stage of the case, Loiodice has not argued her alleged conduct was necessary or essential to protect the government's interest in rehabilitation, order, or security at GHCF.

Accordingly, plaintiff's mail tampering claim against Loiodice will proceed.

C. Supervisory Liability

Plaintiff's claim against Griffin for supervisory liability fails as a matter of law. A plaintiff asserting a Section 1983 claim plausibly must allege each defendant's personal involvement in a constitutional violation. Provost v. City of Newburgh, 262 F.3d 146, 154 (2d Cir. 2001); see Ashcroft v. Iqbal, 556 U.S. at 676. Thus, "[a]n individual cannot be held liable

for damages under § 1983 'merely because he held a high position of authority.'" Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d 107, 127 (2d Cir. 2004) (quoting Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996)).

In support of his supervisory claim, plaintiff alleges that "as the Superintendent of [GHCF,] it is [Griffin's] duty to supervise every member of his staff [regarding] their duty and responsibility" (Am. Compl. at 14); and plaintiff asserts Griffin was "placed on actual notice" of unconstitutional practices at GHCF by "earlier reports, complaints, grievances, appeals, and other sources of information." (Id. at 5). Plaintiff offers no further explanation.

Because the amended complaint does not allege any specific facts suggesting Griffin knew of a constitutional violation he failed to remedy, created a policy or custom under which a constitutional violation occurred, acted with gross negligence in supervising subordinates, or otherwise acted with deliberate indifference, plaintiff's supervisory claim is dismissed. See Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995).

### D. Retaliation

Plaintiff alleges defendants tampered with plaintiff's mail in retaliation for plaintiff's habeas corpus petition against Griffin. To adequately plead a First Amendment retaliation claim, plaintiff must allege (i) he engaged in constitutionally protected speech or conduct; (ii) a defendant took adverse action against him; and (iii) the protected speech and adverse action are causally connected. Dolan v. Connolly, 794 F.3d 290, 294 (2d Cir. 2015) (quoting Espinal v. Goord, 558 F.3d 119, 128 (2d Cir. 2009)).

Courts approach prisoners' retaliation claims "with skepticism and particular care, because virtually any adverse action taken against a prisoner by a prison official—even those otherwise not rising to the level of a constitutional violation—can be characterized as a

constitutionally proscribed retaliatory act." Dolan v. Connolly, 794 F.3d at 295 (quoting Davis v. Goord, 320 F.3d at 352). Accordingly, a prisoner pursuing a retaliation claim must not rest on "wholly conclusory" allegations, but rather must allege "specific and detailed" supporting facts. Id.

The amended complaint does not do so: plaintiff has not pleaded "specific and detailed" facts suggesting Griffin interfered with plaintiff's mail in retaliation for plaintiff's habeas corpus petition. Dolan v. Connolly, 794 F.3d at 295 (quoting Davis v. Goord, 320 F.3d at 352). While it is true that Griffin is the nominal respondent in plaintiff's habeas corpus petition, the petition concerns plaintiff's attorney's performance at trial, an allegedly defective grand jury proceeding, and the admission of hearsay at trial. See Petition for Writ of Habeas Corpus, Widsom v. Griffin, No. 15-cv-6578 (ENV) (E.D.N.Y. Nov. 12, 2015), ECF No. 1. The petition does not accuse Griffin of any constitutional or other legal violation. The mere fact that plaintiff filed a petition naming Griffin as respondent, absent more, does not give rise to a plausible inference of retaliation.

Plaintiff's retaliation claim therefore is dismissed.

V.      Qualified Immunity

Lastly, defendants argue the amended complaint should be dismissed on grounds of qualified immunity.

The Court disagrees.

Qualified immunity shields government officials whose conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) (citations omitted). The scope of qualified immunity is broad, and it protects "all but the plainly incompetent or those who knowingly

12

violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986). "Defendants bear the burden of establishing qualified immunity." Garcia v. Does, 779 F.3d 84, 92 (2d Cir. 2015). "[U]sually, the defense of qualified immunity cannot support the grant of a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted." Hyman v. Abrams, 630 F. App'x 40, 42 (2d Cir. 2015) (summary order). However, "a district court may grant a Rule 12(b)(6) motion on the ground of qualified immunity if the facts supporting the defense appear on the face of the complaint." Id. (internal quotations omitted).

"The issues on qualified immunity are: (1) whether plaintiff has shown facts making out violation of a constitutional right; (2) if so, whether that right was 'clearly established'; and (3) even if the right was 'clearly established,' whether it was 'objectively reasonable' for the officer to believe the conduct at issue was lawful." Gonzalez v. City of Schenectady, 728 F.3d 149, 154 (2d Cir. 2013) (quoting Taravella v. Town of Wolcott, 599 F.3d 129, 133–34 (2d Cir. 2010)).

Plaintiff sufficiently alleges Loiodice violated his First Amendment rights, which were clearly established at the time, and that it was not on its face reasonable for Loiodice to believe she lawfully could violate those rights. Accordingly, dismissing plaintiff's First Amendment claim against Loiodice on grounds of qualified immunity is inappropriate at this early stage of the case. This issue may be reviewed at summary judgment after the completion of discovery.

## CONCLUSION

Defendant Bordley's motion to dismiss is GRANTED.

Defendants Griffin, Loiodice, Doe, and Knapp's motion to dismiss is GRANTED IN PART and DENIED IN PART.

Plaintiff's First Amendment mail tampering claim against Loiodice shall proceed. All other claims are dismissed.

The Clerk is instructed to terminate the motions (Docs. ##29, 32) and terminate defendants Griffin, Doe, Bordley, and Knapp.

By February 18, 2019, Loiodice shall file an answer to the amended complaint.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Dated: February 4, 2019
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge