UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
SYDNEY WISDOM,                                    :
                 Plaintiff,            :

v.                                                :          **OPINION AND ORDER**

                      :          17 CV 4837 (VB)
MICHELLE LOIODICE, Inmate Records                 :
Coordinator,                                      :
                 Defendant.            :
-------------------------------------------------------------x

Briccetti, J.:

      Plaintiff Sydney Wisdom, proceeding pro se and in forma pauperis, brings this action

under 42 U.S.C. § 1983, alleging Michelle Loiodice, an inmate records coordinator at Green

Haven Correctional Facility ("Green Haven"), violated plaintiff's First Amendment rights by

interfering with his legal mail.[1]

      Before the Court is defendant's motion for summary judgment.  (Doc. #53).

      For the reasons set forth below, the motion is GRANTED.

      The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## BACKGROUND

      Defendant has submitted memoranda of law, a statement of material facts pursuant to

Local Civil Rule 56.1, declarations, and supporting exhibits.  Plaintiff has submitted a

memorandum of law (styled an affirmation "in reply to defendant's motion to dismiss" (Doc.

#65)), a declaration, and exhibits.  Together, the parties' submissions reflect the following

factual background.

      Plaintiff was an inmate at Green Haven at all relevant times.

---

[1]     Plaintiff also brought other claims against Loiodice and several other Green Haven
employees.  By Opinion and Order dated February 4, 2019, the Court dismissed those claims,
and terminated the other defendants from this action.  (Doc. #41).

I.      <u>Plaintiff's Habeas Petition</u>

On November 12, 2015, plaintiff filed in the U.S. District Court for the Eastern District of New York a petition under 28 U.S.C. § 2254 for a writ of habeas corpus, challenging the constitutionality of his 1997 conviction in Supreme Court, Kings County, and the lengthy term of state imprisonment imposed pursuant to that conviction.  (See Doc. #58 ("Bordley Decl.") ¶ 7; <u>id</u>. Ex. A).  Plaintiff named Thomas Griffin, Superintendent of Green Haven ("Griffin" or "Superintendent"), as the respondent in his habeas case.  Plaintiff's habeas case was assigned to Judge Eric N. Vitaliano.

On February 19, 2016, Kings County Assistant District Attorney ("ADA") Ann Bordley filed an affidavit and memorandum of law in opposition to the habeas petition (the "habeas opposition").  (See Bordley Decl. ¶ 7; <u>see also</u> Affidavit in Opposition to Petition for a Writ of Habeas Corpus and Memorandum of Law, <u>Wisdom v. Griffin</u>, 15-cv-06578-ENV (E.D.N.Y. Feb. 19, 2016), Doc. #6).

That day, ADA Bordley mailed to the Superintendent a letter (the "February 19 letter") and a copy of the habeas opposition.  (Bordley Decl. ¶ 8; <u>id</u>. Ex. B).  The February 19 letter requested that the Superintendent serve plaintiff with the enclosed habeas opposition.

On February 26, 2016, Aric Forrester, one of several employees in Green Haven's inmate records office, served plaintiff with the February 19 letter and habeas opposition.  (See Doc. #56 ("Gashi Decl.") Ex. E at ECF 3).[2]  Defendant Loiodice is Forrester's supervisor in the inmate records office.  When Forrester served plaintiff with the February 19 letter and habeas opposition, plaintiff signed a form confirming receipt of same.  (<u>Id</u>. at ECF 2).

---

[2]      "ECF __" refers to page numbers automatically assigned by the Court's Electronic Case Filing system.

By letter dated March 3, 2016, addressed to Judge Vitaliano, plaintiff requested a sixty-day extension of time to respond to the habeas opposition.  (Bordley Decl. Ex. C).  In his letter, plaintiff stated he had not been provided a complete copy of his state court record, and needed that record to respond effectively to the habeas opposition.  Judge Vitaliano granted plaintiff's request and instructed Griffin to serve plaintiff, by March 11, 2016, with a copy of the state court record.  (See Order, Wisdom v. Griffin, 15-cv-06578-ENV (E.D.N.Y. Mar. 9, 2016).

On March 11, 2016, ADA Bordley mailed to the Superintendent a second copy of the habeas opposition, plaintiff's state court record, and another letter (the "March 11 letter"). (Bordley Decl. ¶ 10; id. Ex. D).  The March 11 letter requested the Superintendent serve plaintiff with the state court record and the habeas opposition.  (Bordley Decl. ¶ 10; id. Ex. D).

On March 23, 2016, Forrester served plaintiff with the March 11 letter, habeas opposition, and the state court record.  (See Gashi Decl. Ex. G at ECF 2).  That day, plaintiff signed a form confirming receipt of same.  (Id. at ECF 3–4).

On May 19, 2016, plaintiff timely submitted a reply in further support of his habeas petition, which was filed on the habeas case docket on May 23, 2016.  (See Reply to Respondent's Opposition, Wisdom v. Griffin, 15-cv-06578-ENV (E.D.N.Y. May 23, 2016), Doc. #14).

II.     The December 2015 Smith Letter

In December 2015, plaintiff signed for and received a box of legal records sent to him by his former attorney, Troy A. Smith.  (Gashi Decl. Ex. B ("Wisdom Tr.") at 34).  Within the box was a letter from Smith to plaintiff, reading:

> I was saddened to learn that the Court of Appeals reinstated your conviction in your case.  I regret that I am not able to help you with your habeas petitions and other remedies seeking relief at this point.  I am returning the paperwork previously provided.

(Doc. #9 ("Am. Compl.") at ECF 53).  "August 10, 2015," is typewritten on the letter, but the word "August" is crossed out, and "December" is handwritten in its stead.  (Id.).  Plaintiff's cell block location is also handwritten on the letter.

Plaintiff argues defendant improperly withheld Smith's mailing, crossed out "August," and "forged the date of the letter and wrote in December."  (Doc. #64 at ECF 10).  During his deposition, however, plaintiff stated he does not know who crossed out the typewritten month on the letter, or who handwrote "December" or his cell block information on the letter.  (Wisdom Tr. at 41–43).  Defendant maintains she did not alter the letter or withhold it or any other legal mail from plaintiff from August 2015 until December 2015.  Further, defendant claims she first saw the December 2015 Smith letter after plaintiff commenced this lawsuit.

III.    Plaintiff's Grievances

Plaintiff filed two grievances complaining of alleged interferences with his mail.

The first grievance is dated March 7, 2016.  In that grievance, plaintiff alleged ADA Bordley's February 19, 2016, mailing—comprising the February 19 letter to the Superintendent and the habeas opposition—was improperly opened outside of his presence and without his consent.  (See Gashi Decl. Ex. C at ECF 8).  In response to this grievance, the Inmate Grievance Resolution Committee ("IGRC") and Superintendent acknowledged Department of Corrections and Community Supervision ("DOCCS") Directive 4421 requires that an inmate's privileged correspondence be opened in the presence of the inmate.  (See Am. Compl. at ECF 37–38).  However, the Superintendent denied the grievance, noting the February 19 letter was addressed to the Superintendent, not plaintiff, and contained instructions for the facility to serve the enclosed document on plaintiff.  (Id. at ECF 38).  In other words, the Superintendent concluded

4

the February 19 mailing was not a privileged correspondence to plaintiff, and thus was not inappropriately opened outside of plaintiff's presence.

According to DOCCS records, plaintiff did not appeal the denial of the March 7 grievance to the Central Office Review Committee ("CORC").  (See Am. Compl. at ECF 40, 52).  Plaintiff contends, however, that he appealed the grievance to CORC on April 24, 2016.  (Id. at ECF 41).

In the second grievance, dated April 7, 2016, plaintiff complained that ADA Bordley's March 11, 2016, mailing—comprising the March 11 letter to the Superintendent, an additional copy of the habeas opposition, and plaintiff's state court record—also was improperly opened outside of his presence and without his consent.  (Am. Compl. at ECF 9–10).  Again, the IGRC acknowledged DOCCS Directive 4421 requires that privileged correspondence be opened in the presence of the addressee (id. at ECF 47), and, again, the Superintendent denied plaintiff's grievance.  As with the February 19 mailing, the Superintendent noted the March 11 mailing "was addressed to the Superintendent, not the grievant," and therefore no privileged communication was opened outside of plaintiff's presence and without his consent.  (Id. at ECF 48).  Plaintiff appealed the Superintendent's decision, and CORC denied the grievance.  CORC noted:  "[M]ail addressed to the Superintendent from Kings County District Attorney's Office was received and the grievant was served with enclosed paperwork on 3/23/16.  The mail was not addressed to the grievant and not entitled to privileged handling outlined in Directive #4421."  (Id. at ECF 50).

## DISCUSSION

I.   Standard of Review

The Court must grant a motion for summary judgment if the pleadings, discovery

materials before the Court, and any affidavits show there is no genuine issue as to any material

fact and it is clear the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P.

56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

A fact is material when it "might affect the outcome of the suit under the governing

law. . . .  Factual disputes that are irrelevant or unnecessary" are not material and thus cannot

preclude summary judgment.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).[3]

A dispute about a material fact is genuine if there is sufficient evidence upon which a

reasonable jury could return a verdict for the non-moving party.  See Anderson v. Liberty Lobby,

Inc., 477 U.S. at 248.  The Court "is not to resolve disputed issues of fact but to assess whether

there are any factual issues to be tried."  Wilson v. Nw. Mut. Ins. Co., 625 F.3d 54, 60 (2d Cir.

2010).  It is the moving party's burden to establish the absence of any genuine issue of material

fact.  Zalaski v. City of Bridgeport Police Dep't, 613 F.3d 336, 340 (2d Cir. 2010).

If the non-moving party fails to make a sufficient showing on an essential element of his

case on which he has the burden of proof, then summary judgment is appropriate.  Celotex Corp.

v. Catrett, 477 U.S. at 322–23.  If the non-moving party submits "merely colorable" evidence,

summary judgment may be granted.  Anderson v. Liberty Lobby, Inc., 477 U.S. at 249–50.  The

non-moving party "must do more than simply show that there is some metaphysical doubt as to

the material facts, and may not rely on conclusory allegations or unsubstantiated speculation."

Brown v. Eli Lilly & Co., 654 F.3d 347, 358 (2d Cir. 2011).  The mere existence of a scintilla of

evidence in support of the non-moving party's position is likewise insufficient; there must be

---

[3]     Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

evidence on which the jury reasonably could find for him.  Dawson v. County of Westchester, 373 F.3d 265, 272 (2d Cir. 2004).

On summary judgment, the Court construes the facts, resolves all ambiguities, and draws all permissible factual inferences in favor of the non-moving party.  Dallas Aerospace, Inc. v. CIS Air Corp., 352 F.3d 775, 780 (2d Cir. 2003).  If there is any evidence from which a reasonable inference could be drawn in the non-movant's favor on the issue on which summary judgment is sought, summary judgment is improper.  Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc., 391 F.3d 77, 83 (2d Cir. 2004).

In deciding a motion for summary judgment, the Court need consider only evidence that would be admissible at trial.  Nora Beverages, Inc. v. Perrier Grp. of Am., Inc., 164 F.3d 736, 746 (2d Cir. 1998).  The burden to proffer evidence admissible pursuant to the Federal Rules of Evidence applies "equally to pro se litigants."  Varughese v. Mt. Sinai Med. Ctr., 2015 WL 1499618, at *4 (S.D.N.Y. Mar. 27, 2015) (citing Holtz v. Rockefeller & Co., 258 F.3d 62, 73 (2d Cir. 2001)).[4]  Accordingly, bald assertions, completely unsupported by admissible evidence, are not sufficient to overcome summary judgment.  Carey v. Crescenzi, 923 F.2d 18, 21 (2d Cir. 1991).

## II.    Exhaustion

Defendant argues plaintiff fails as a matter of law to establish a First Amendment interference with mail claim, inasmuch as such claim relates to (i) the December 2015 Smith letter and mailing, and (ii) ADA Bordley's February 19, 2016, mailing (the subject of plaintiff's

---

[4]      Plaintiff will be provided copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

March 7, 2016, grievance), because plaintiff did not properly exhaust his administrative remedies.

The Court agrees with defendant inasmuch as plaintiff's First Amendment claim concerns conduct regarding the December 2015 Smith letter and mailing, but disagrees inasmuch as the claim relates to conduct alleged in the March 7, 2016, grievance.

A.    Legal Standard

Under the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under . . . Federal law[] by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).  Furthermore, the PLRA requires "proper exhaustion[,] . . . which means using all steps that the agency holds out, and doing so properly." Woodford v. Ngo, 548 U.S. 81, 90 (2006).

For a New York state prisoner to exhaust his claim, he must comply with the three steps of New York's Inmate Grievance Program ("IGP") by (i) submitting a complaint to the clerk of the IGRC within twenty-one days of the alleged incident, (ii) appealing the decision to the superintendent within seven days of the IGRC's response, and (iii) appealing to CORC within seven days of the superintendent's response. N.Y. Comp. Codes R. & Regs. tit. 7, § 701.5.

On a motion for summary judgment, a defendant has the burden of demonstrating the plaintiff's failure to exhaust. Hubbs v. Suffolk Cty. Sheriff's Dep't, 788 F.3d 54, 59 (2d Cir. 2015).  A defendant can meet that burden by submitting evidence that a grievance process exists and applies to the underlying dispute. Id.  If the defendant contends the plaintiff failed to

properly exhaust, the defendant can submit evidence regarding the lack of grievances filed. Chambers v. Johnpierre, 2016 WL 5745083, at *7 (D. Conn. Sept. 30, 2016).

To withstand summary judgment, a plaintiff must offer more than conclusory allegations that he properly exhausted his administrative remedies.  See, e.g., Bennett v. James, 737 F. Supp. 2d 219, 226 (S.D.N.Y. 2010), aff'd, 441 F. App'x 816 (2d Cir. 2011) (summary order) (granting summary judgment on exhaustion grounds when plaintiff provided only "conclusory allegations" of exhaustion).  Indeed, a plaintiff's "bald assertions unsupported by evidence" that he exhausted all available remedies "are insufficient to overcome a motion for summary judgment, even for a pro se plaintiff."  See Rodriguez v. Hahn, 209 F. Supp. 2d 344, 348 (S.D.N.Y. 2002).  Further, such assertions, when contradicted by plaintiff's own testimony, are insufficient to survive a motion for summary judgment.  See Hayes v. N.Y.C. Dep't of Corrs., 84 F.3d 614, 619 (2d Cir. 1996) (a non-movant cannot create a question of fact sufficient to defeat summary judgment by submitting an affidavit that contradicts prior sworn testimony).

    B.    Application

There is no genuine dispute of material fact concerning whether plaintiff properly exhausted his administrative remedies respecting the December 2015 Smith letter and mailing. As demonstrated by the record evidence, none of plaintiff's grievances concerns the December 2015 Smith letter or the box of legal documents in which it was delivered.  In other words, plaintiff's grievances do not respect allegations that defendant tampered with the December 2015 Smith letter, or that defendant, for four months, improperly kept from plaintiff the letter and plaintiff's other legal documents.  And plaintiff does not argue, nor does he offer any evidence, that he filed a grievance respecting the December 2015 Smith letter or the box of legal documents in which it was delivered.

Moreover, plaintiff's failure to grieve his claims respecting the December 2015 Smith letter and mailing should not be excused, for example, because the grievance process was either unavailable to plaintiff or confusing, or because exhaustion would have operated as a "simple dead end."  See Ross v. Blake, 136 S. Ct. 1850, 1859–60 (2016).  Plaintiff is familiar with grievance process; he filed and fully exhausted numerous grievances respecting staff conduct at Green Haven—both before and after he received the December 2015 Smith letter and mailing— including grievances pertaining to plaintiff's other allegations in this case.

Accordingly, because plaintiff did not properly exhaust his administrative remedies, as required by the PLRA, and no grounds exist for excusing that failure, defendant is entitled to summary judgment on plaintiff's First Amendment claim inasmuch as it respects the December 2015 Smith letter and mailing.

However, the record does not clearly demonstrate plaintiff's failure to exhaust his First Amendment claim inasmuch as it concerns conduct raised in his March 7, 2016, grievance.  That grievance pertains to ADA Bordley's February 19, 2016, mailing, and plaintiff's complaint that such mailing was improperly opened outside of his presence and without his consent.  Although the record evidence demonstrates that, as of September 3, 2016, CORC had not received from plaintiff an appeal of the March 7 grievance (see Am. Compl. at ECF 40), it also contains a letter, dated September 13, 2016, from plaintiff to an IGP supervisor, stating plaintiff did appeal the grievance to CORC on April 24, 2016, and that the appeal must have gone missing, and requesting the supervisor forward the grievance to CORC for further review.  (Id. at ECF 41).

Accordingly, because the record evidence does not clearly demonstrate plaintiff's failure to exhaust his administrative remedies with respect to his allegations concerning ADA Bordley's

February 19, 2016, mailing, the Court declines to grant summary judgment in defendant's favor on exhaustion grounds as to same.

III.    Interference with Mail

Defendant argues plaintiff fails as a matter of law to establish a First Amendment mail tampering claim because, based on the record evidence and indisputable facts, no reasonable juror could conclude ADA Bordley's February 19 and March 11 mailings (including the February 19 and March 11 letters) were addressed to plaintiff and not the Superintendent, that such mailings were improperly handled, or that plaintiff was injured as a result of a constitutional violation.

The Court agrees.

"[A] prisoner's right to the free flow in incoming and outgoing mail is protected by the First Amendment."  Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003).  To maintain a constitutional claim for interference with legal mail, "the inmate must show that prison officials regularly and unjustifiably interfered with the incoming legal mail."  Id.  The Second Circuit has held "that as few as two incidents of mail tampering could constitute an actionable violation (1) if the incidents suggested an ongoing practice of censorship unjustified by a substantial government interest, or (2) if the tampering unjustifiably chilled the prisoner's right of access to the courts or impaired the legal representation received."  Id. (discussing Washington v. James, 782 F.2d 1134, 1139 (2d Cir. 1986)).[5]

---

[5]    To the extent plaintiff's amended complaint raised a constitutional claim for denial of access to the courts, such claim was dismissed by Opinion and Order on February 4, 2019. (Doc. #41 at 8).

Here, there exists no genuine issue of material fact as to whether plaintiff received privileged mail that was opened outside of his presence or unreasonably withheld from him.  The record evidence demonstrates ADA Bordley's February 19 and March 11, 2016, mailings were addressed to, and received by, the Superintendent.  Indeed, both mailings included a cover letter to the Superintendent, requesting that the Superintendent serve the enclosed documents on plaintiff, and to have executed and returned to ADA Bordley affidavits of such service.  Because neither comprised a privileged communication to plaintiff, neither was required to be opened in plaintiff's presence pursuant to DOCCS Directive 4421.  Moreover, the record evidence demonstrates the documents were served on plaintiff shortly after the Superintendent's receipt of same, that plaintiff confirmed receipt of the documents, and that affidavits of such service were executed and sent to ADA Bordley.

Moreover, there exists no genuine issue of material fact respecting whether plaintiff suffered injury as a result of some allegedly unconstitutional conduct.  Although plaintiff alleges he suffered injury by missing unspecified deadlines in his habeas corpus case, the record evidence demonstrates plaintiff was able to, and did, (i) file his habeas petition, (ii) file a reply in further support of his habeas petition and in response to the habeas opposition, and (iii) prosecute his habeas case.  And although plaintiff also alleges he suffered mental and emotional injuries in connection with defendant's alleged interference with his mail, plaintiff has failed to adduce, and the record is devoid of, any evidence demonstrating mental or emotional injury or a factual dispute with respect to same.

Accordingly, because there exists no genuine issue of material fact as to whether defendant inappropriately opened or handled plaintiff's mail—specifically, ADA Bordley's February 19 and March 11, 2016, mailings to the Superintendent, containing documents to be

served on plaintiff—or whether plaintiff was injured as a result of that mail having been opened outside of his presence, defendant is entitled to summary judgment on plaintiff's First Amendment claim.[6]

## CONCLUSION

The motion for summary judgment is GRANTED.

The Clerk is instructed to terminate the motion (Doc. #53) and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Dated: July 31, 2020
      White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge

---

[6]      Because plaintiff cannot, as a matter of law, establish a First Amendment claim, and because the record evidence does not evince material issues of fact concerning such claim, the Court need not address defendant's arguments respecting defendant's personal involvement in any constitutional violation, or defendant's alleged entitlement to qualified immunity.